```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RAPHAEL MORALES and                )
MILA MORALES, Individually         )   Civil Action
  and as Husband and Wife,         )   No. 07-CV-04419
                                   )
              Plaintiffs           )
                                   )
         vs.                       )
                                   )
SUPERIOR LIVING PRODUCTS, LLC;     )
JOSEPH SCOTT, doing business as    )
  Superior Living Products, LLC,   )
                                   )
              Defendants           )

                        O R D E R

       NOW, this 16th day of October, 2008, upon consideration of the following documents:

    (1)   Defendants' Motion to Dismiss filed October 10, 2008;

    (2)   Plaintiffs' Motion for Enlargement of Time to File First Amended Complaint Pursuant to F.R.C.P. 6(b)(1)(B), which motion was filed October 11, 2008;

    (3)   Defendants' Response and Opposition to Plaintiffs' Motion for Enlargement of Time, which response was filed October 13, 2008; and

    (4)   Praecipe to Attach Exhibit filed October 13, 2008 by defendants;

it appearing that by Order of the undersigned dated October 3, 2008, plaintiffs had until on or before October 9, 2008 to file

an amended complaint in this matter; it further appearing that plaintiffs seek further enlargement of time to file their amended complaint; it further appearing that plaintiffs' proposed First Amended Civil Action Complaint is attached to plaintiffs' within motion as Exhibit A,

<u>IT IS ORDERED</u> that Plaintiffs' Motion for Enlargement of Time to File First Amended Complaint Pursuant to F.R.C.P. 6(b)(1)(B) is granted.[1]

---

[1] Plaintiffs initiated this action on October 22, 2007 by filing a civil Complaint.  On November 29, 2007, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  By Order dated September 10, 2008, I concluded that (1) in order to adequately evaluate a motion to dismiss, more specific allegations were required regarding plaintiffs' breach of contract claims, and (2) the original Complaint failed to plead its fraud-related claims with particularity as required by Rule 9(b). My September 10, 2008 Order, as clarified by my September 17, 2008 Order, gave plaintiffs until on or before September 30, 2008 to file an amended complaint in this action.

On September 30, 2008, plaintiffs filed a motion for enlargement of time to file their amended complaint.  Plaintiffs cited the Rosh Hashanah holiday, plaintiffs' counsel's family obligations, and the complexity of the issues involved in this case in support of their request for an additional seven days.  By Order dated October 3, 2008, I granted plaintiffs' request to enlarge the original September 30, 2008 deadline.  However, instead of the seven-day enlargement plaintiffs requested, I granted a nine-day enlargement of the original deadline and established a new deadline of October 9, 2008. My October 3, 2008 Order indicated that failure to file an amended complaint by October 9, 2008 may result in dismissal of this action for lack of prosecution and noted that "no further enlargements of time to file an amended complaint [would] be granted in this matter absent a showing of extraordinary circumstances."

Plaintiffs did not file an amended complaint on or before October 9, 2008 as required by my October 3, 2008 Order.  On October 10, 2008, defendants filed the within motion to dismiss, requesting dismissal of this action for lack of prosecution.  On October 11, 2008, plaintiffs filed the within motion for a second enlargement of time to file their amended complaint, and attached their proposed First Amended Civil Action Complaint. By their Praecipe to Attach Exhibit filed October 13, 2008, plaintiffs filed a contract allegedly entered into by plaintiff Raphael Morales and defendant Superior Living Products.  The praecipe indicates that the contract is Exhibit B to the motion for enlargement of time.

(<u>Footnote 1 continued</u>):

IT IS FURTHER ORDERED that plaintiffs shall have until October 20, 2008 to file the First Amended Civil Action Complaint, in the form attached to plaintiffs' within motion, together with the Agreement attached to plaintiffs' praecipe. Failure to file the First Amended Civil Action Complaint by October 20, 2008 may result in dismissal of this action for lack of prosecution.

---

(Continuation of footnote 1):

      Plaintiffs' motion for a second enlargement of time avers that the October 9, 2008 deadline fell on the Yom Kippur holiday, which was observed by plaintiffs' counsel.  Additionally, plaintiffs note that although my Order was signed October 3, 2008, it was not docketed until October 6, 2008, effectively giving counsel until October 7-8 to file an amended complaint.

      Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, when an act may or must be done within a specified time, the court may extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.  Fed.R.Civ.P. 6(b)(1)(B).  Plaintiffs aver that the "confluence of circumstance (including the Court's own scheduling inadvertence as well as deadlines twice conflicted by holidays) constitutes excusable neglect."  (Plaintiffs's motion, paragraph 12.)

      Although I am not insensitive to counsel's religious obligations, plaintiffs have not shown excusable neglect for their failure to file an amended complaint on or before the October 9, 2008 deadline.  Their prior request for enlargement of the original September 30, 2008 deadline clearly sought an additional seven days from the original deadline.  In granting that request, the court could have entered an order requiring the amended complaint to be filed October 7, 2008, which was the relief requested by plaintiffs in their September 30, 2008 motion.  As a courtesy to plaintiffs, however, I granted a nine-day enlargement of the September 30, 2008 deadline.  The October 9, 2008 deadline was therefore in excess of the relief requested by plaintiffs' September 30, 2008 motion.  To the extent any "scheduling inadvertence" exists, it is on the part of plaintiffs' counsel, who failed to file an amended complaint within either the time he had requested or the time set by the court.

      Nevertheless, the Federal Rules of Civil Procedure make clear that leave to amend should be freely given when justice so requires.  Fed.R.Civ.P. 15(a)(2).  Based on the proposed amended complaint filed as an exhibit to plaintiffs' within motion, it is clear that plaintiffs wish to proceed with this action.  Accordingly, I will permit plaintiffs to file their First Amended Civil Action Complaint (in the form attached to the motion) and the agreement filed October 13, 2008 as an exhibit to plaintiffs' praecipe.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is dismissed without prejudice for defendants to file a substantive motion to dismiss on the merits of plaintiffs' First Amended Civil Action Complaint, if appropriate, after filing of the amended complaint.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge