# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Raphael Morales and Mila Morales : | | |
| Individually & as h/w : | | |
| 3505 Vintage Spring Terrace : | | |
| Onley, MD 20832 : | | |
|       Plaintiffs : | | |
|     v. : | NO.: 07-4419 | |
| : | | |
| Superior Living Products, LLC : | | |
| 355 Circle of Progress : | | |
| Pottstown, PA 19464 : | Jury Trial of Twelve (12) Jurors Demanded | |
| : | | |
|    and : | | |
| : | | |
| Joseph Scott d/b/a Superior Living : | | |
| Products, LLC : | | |
| 9 S. Washington Street : | | |
| Boyertown, PA 19512 : | | |
|       Defendants : | | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I.   Jurisdiction and Venue**

1.   Jurisdiction in this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. §1331 and 1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.   Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the property and/or mortgage which is the subject of this action is situated within this district.

**II.   Parties**

3.   Plaintiffs, Raphael and Mila Morales, are adult individuals and husband and wife, residing at the above captioned address.

4. Defendant, Superior Living Products, LLC ("Superior"), is a limited liability company duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining its principal place of business at the above captioned addresses, with registered agents authorized to receive service of process at that address.

5. Defendant, Joseph Scott ("Scott"), doing business as Superior Living Products, LLC., and is an adult individual at all times material maintaining a place of business at the above captioned address.

### III. Statement of Claims

6. On or about December 25, 2006, Defendants and Plaintiff, Raphael Morales, executed a Dealership Agreement ("Agreement") for the sale of walk-in bathtubs for which Plaintiff, Raphael Morales ("Morales") was to be an affiliated agent/dealer. (Exhibit A).

7. To enter into the contract, Plaintiff paid Defendants approximately $20,871.63.

8. To satisfy the terms of the contract, Defendant, Superior, was to provide Plaintiff an exclusive marketing area described in the Agreement, provide a sample tub for Plaintiff, train Plaintiff, and provide assistance with marketing and leads.

9. As a term of the agreement, Defendants were to deliver to Morales a bath-tub for his personal, household and/or showroom use.

10. During negotiations for the Agreement, Defendant, Scott, misrepresented to Plaintiff that Defendant, Superior, manufactured the bathtubs.

11. Plaintiff later determined that Superior did not manufacture their own bathtubs but rather bought them from other distributers.

12. In or around January 17, 2007 and January 18, 2007, Plaintiff attended a training session with approximately four to five (4-5) other Superior affiliated agents/dealers.

13. Following the training, Plaintiff began to follow leads in an effort to sell the bathtubs

14. Plaintiff began an association with Kenny Cohen ("Cohen") (non-party) who would act as a subcontractor for Plaintiff.

15. Within approximately one (1) month of Plaintiff's training, Plaintiff and Cohen found a business opportunity that had the possibility of sale of fifty (50) bathtubs.

16. In order to enable this business opportunity to proceed, Plaintiff needed the showcase bathtub that he had been promised when he signed the Agreement.

17. Rather than supply Plaintiff with the promised bathtub, Scott instead requested information on Plaintiff's potential client.

18. Plaintiff's conversations with Scott raised doubts as to whether Superior would have the ability to supply bathtubs for this potential large client or any client in the future.

19. Then, Scott and Superior refused response to Plaintiff's inquiries vis-à-vis Superior's abilities to supply bathtubs.

20. Plaintiff, Raphael Morales, demanded Defendants deliver the bathtub as promised.

21. In response, Superior attempted to mollify Plaintiff by sending a bathtub from a different distributer.

22. Cohen was contacted regarding the delivery of this bathtub rather than Plaintiff.

23. Plaintiff refused delivery of a bathtub that was not a Superior product as it did not comply with the terms of the Agreement.

24. Defendants accused Plaintiff of an anticipatory breach of contract and thereafter, refused to perform under the Agreement, further breaching their duties and/or obligations resulting in Plaintiff's financial and other losses.

25. Defendants fraudulently induced Plaintiff, Raphael Morales, to enter into the Agreement knowing that Defendant, Superior, would never abide by the terms of the Agreement, for Defendant's purpose of, at the very least, obtaining and keeping the Plaintiffs' funds aforesaid.

26. Defendants breached the Agreement by refusing to deliver the promised bathtub and by creating a situation where Plaintiff lost his potential client.

27. Plaintiff, Raphael Morales, performed his contractual obligations under the Agreement prior to Defendants' breach.

28. As a direct result of the aforesaid, Plaintiff suffered harm and damages including, but not limited to financial injury, loss of life's pleasures surrounding the failure to receive a walk-in bathtub, loss of the dealership and monies expended towards same, lost opportunities, humiliation, embarrassment and emotional distress, and such other damages the extent of which are not yet fully known and in all of which may be permanent, and may be revealed through continuing discovery.

**IV.     Causes of Action**

### COUNT I – NEGLIGENT MISREPRESENTATION

29. Plaintiffs incorporate by reference paragraphs 1 through 28 as if fully set forth at length herein.

30. Defendants' negligent, careless, and reckless misrepresentations included, but were not limited to, knowing or having reason to know that the agreement would never be honored, the bathtub would never be delivered and contract never performed.

31. At all times material, Plaintiffs justifiably and detrimentally relied upon the material misrepresentations of Defendants which resulted in the above damages.

## COUNT II - FRAUDULANT MISREPRESENTAION

32. Plaintiffs incorporate by reference paragraphs 1 through 31 as if fully set forth at length herein.

33. Defendants' fraudulent misrepresentation included, but was not limited to, knowing or having reason to know of the aforesaid including and thereby fraudulently inducing Plaintiffs to enter the Agreement.

34. At all times material, Plaintiffs justifiably and detrimentally relied upon the material intentional and/or fraudulent misrepresentation of Defendants, which resulted in the above damages.

## COUNT III – BREACH OF CONTRACT

35. Plaintiffs incorporate by reference paragraphs 1 through 34 as if fully set forth at length herein.

36. The aforesaid constitutes a material breach of statutory, express and/or implied contractual obligations of Defendants, to which Plaintiff Raphael Morales justifiably and detrimentally relied.

37. Plaintiffs incurred the aforesaid damages as a direct and proximate result of the aforesaid breach of contract of Defendants.

## COUNT IV – FRAUD

38. Plaintiffs incorporate by reference paragraphs 1 through 37 as if fully set forth at length herein.

39. Defendants misrepresented and/or omitted material facts to Plaintiff, including the aforesaid.

40. The aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from Plaintiffs.

41. As the intended result of the aforesaid fraud, Plaintiffs reasonably relied upon said misrepresentations and/or omissions to their detriment.

## COUNT V – CIVIL RICO

42. Plaintiffs incorporate by reference paragraphs 1 through 41 above as if same were fully set forth at length herein.

43. Plaintiffs and Defendants are persons within the meaning of 18 U.S.C. §1961(3).

44. Defendants collectively and/or individually, and/or including and by and through others, constitute an association in fact enterprise within the meaning of 18 U.S.C. §1961(4).

45. Defendants through their agents, servants, workmen and employees, in their statements, conversations, and advertising between Defendants, among other conduct and including between other persons, utilizing the internet, mail, telephone wires, and facsimile transmittals through the telephone wires, constitute violations of the Federal Mail and Wire Fraud Statutes, 18 U.S.C. §1341 and §1343, in that they make use of the United States interstate mail and wires in furtherance of a scheme to defraud, and contain numerous false statements as alleged herein.

46.     The aforesaid scheme to defraud specifically included, but was not limited to, Defendants collectively and/or individually inducing individuals to enter into dealership agreements such as described herein, to that person's financial detriment and Defendants' financial gain, knowing same would not be performed.

47.     Defendants have committed more than two (2) predicate acts of racketeering activity, as defined by 18 U.S.C. §1961(1), thereby constituting a pattern of racketeering activity, as defined by 18 U.S.C. §1961(5).

48.     On May 21, 2008, Plaintiff's were contacted by a third-party witness ("witness') who had read Plaintiffs' original Complaint's allegations on the internet.

49.     This Witness advised he was a Superior dealer located in another state.

50.     This Witness advised he and six (6) or so other dealers located throughout the country had lost their "buy-in" funds to Superior as a result of strikingly similar "bait and switch" tactics by Defendants.

51.     This Witness advised he was to be meeting with these other dealers at a mutually convenient location to discuss their litigation options, including class action.

52.     This Witness advised he and the others were afraid of Defendants' retaliation.

53.     Defendants predicate acts include but are not limited to the following:

   a.  The use of interstate commerce and/or mail for the attempted delivery of a non-Superior bathtub, 18 U.S.C. § 1961(1)(B);

   b.  Scott's telephone conversation with Plaintiff where Scott told Plaintiff that Superior manufactured its own bathtubs, 18 U.S.C. § 1961(1)(B);

   c.  Scott's telephone conversation with Plaintiff and Cohen which determined that Superior would be unable to satisfy Plaintiff's potential client;

   d.  Scott's telephone conversation with Plaintiff promising delivery of the bathtub;

    e.    Superior advertising franchise opportunities in magazines;

    f.    E-mailing the contract to Plaintiff requiring execution and return by mail;

    g.    Faxing and e-mailing leads;

    h.    E-mailing and telephoning Plaintiff regarding the above operative facts (incorporated by reference); and

    i.    Mailing, e-mailing, telephoning, and faxing the Witness and six (6) or so other dealers, all with a view of promising a business opportunity known by Defendants never to exist to obtain Plaintiffs and these other individuals money.

54. The Enterprise is engaged in or affects interstate commerce.

## COUNT VI
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
## ("UTPCPL")

55. Paragraphs 1-55 are incorporated by reference as if fully set forth at length herein.

56. Plaintiff and Defendants are "Persons" defined by 73 Pa.C.S. §201-2.

57. The UTPCPL proscribes, *inter alia*, engaging in any "unfair and deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

58. The actions of Defendants, as aforesaid (incorporated by reference), constitute unfair or deceptive acts and practices under UTPCPL.

59. As a direct and proximate result so the said actions, Plaintiffs have suffered harm (incorporated by reference).

## COUNT VII – LOSS OF CONSORTIUM

60. Plaintiffs incorporate paragraphs 1-60 above as though same were fully set forth at length herein.

61.     Plaintiff, Mila Morales, is the wife of Plaintiff, Raphael Morales, and as a result of the Defendants' conduct, Plaintiff, Mila Morales has lost and/or will lose the companionship, consortium, society, and services of her husband, Plaintiff, Raphael Morales, to her great personal detriment and loss.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy Five Thousand ($75,000) Dollars, together with interest, costs, attorney's fees, punitive and treble damages, injunctive relief, and such other and further relief as this Honorable Court deems just.

**PROCHNIAK WEISBERG, P.C.**

**BY:** /s/ Rebecca M Steiger_____
**MATTHEW B. WEISBERG**
**Rebecca M. Steiger**
**Attorneys for Plaintiffs**